IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

HENRY CLIFTON WADE, #220 160            *

    Petitioner,                                             *

    v.                                                              * CIVIL ACTION NO. 2:05-CV-141-T
                                                                                               WO

WILLIE THOMAS, WARDEN, *et al.*,        *

    Respondents.                                         *

_____

**ORDER**

Respondents filed an answer to the above-captioned action on April 7, 2005. The court has reviewed the answer and supporting evidentiary material filed by Respondents, and specifically, an order entered by the Alabama Court of Criminal Appeals on October 19, 2004. The order indicates that Petitioner filed a Rule 32 petition in the Circuit Court for Butler County on June 28, 2002. The petition was denied and Petitioner's appeal from the lower court's decision was affirmed by the Court of Criminal Appeals court on September 24, 2004. On application for rehearing, Petitioner argued that the trial court was without jurisdiction to rule on his post-conviction petition because the record did not show that the circuit court had granted his request for leave to proceed *in forma pauperis* nor had it required him to pay the full filing fee. As a result, the Alabama Court of Criminal Appeals remanded the case to the circuit court requesting that court to make specific, written findings as to whether it actually granted Petitioner's request to proceed *in forma pauperis* or whether Petitioner had paid the filing fee. On October 18, 2004 the circuit court submitted its order

on return to remand.  Upon consideration of that order, the Court of Criminal Appeals held:

> According to that order, the circuit court issued its judgment without granting the appellant's request to prosecute his petition in forma pauperis, and the appellant did not pay a filing fee.  Therefore, the circuit court did not have jurisdiction to rule on the petition, its *judgment* is void, and a void judgment will not support an appeal.

(Paper No. 16, Exh. G) (emphasis added). The appellate court then ordered that the appeal be dismissed.

In light of the foregoing, it is ORDERED that:

1. Within twenty-one days of the filing date of this order, Respondents shall file a supplemental answer which indicates whether the Circuit Court for Butler County has entered a subsequent ruling/judgment on Petitioner's Rule 32 petition following the appellate court's dismissal of Petitioner's appeal.  If so, Respondents should advise the court as to whether the ruling/judgment was appealed;

2. If the Circuit Court for Butler County has not issued a subsequent judgment on Petitioner's Rule 32 petition following the Alabama Court of Criminal Appeals' dismissal of Petitioner's appeal from the void judgment, Respondents shall state what effect that has on the pending federal corpus petition.

DONE, this 26th day of April, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE